**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**THEODORE TINSLEY,**            :

    **Plaintiff**            :

            **v.**            :

**KEVIN BITTENBENDER,**            :

    **Defendant**            :

**CIVIL ACTION NO. 3:16-2505**

**(JUDGE MANNION)**

## MEMORANDUM

## I. Background

    Theodore Tinsley, an inmate formerly confined in the Schuylkill Federal Correctional Institution, ("FCI-Schuylkill"), Minersville, Pennsylvania, filed this *pro se* Bivens[1] action pursuant to 28 U.S.C. §1331. (Doc. 1, complaint). The sole Defendant named is Kevin Bittenbender, FCI-Schuylkill Hearing Examiner. Plaintiff challenges three misconduct hearings in which Defendant Bittenbender was the hearing examiner. Id. Specifically, Plaintiff claims that on February 29, 2006, March 25, 2008 and September 2, 2014, Defendant Bittenbender coerced Plaintiff "under duress" to plead guilty to misconduct, and sanctioning him to loss of privileges, disciplinary housing and disallowance of good conduct time. Id. For relief, Plaintiff seeks damages for

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983.  See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988)(Nealon, J.)

Intimidation of Victim, Unlawful Restraint, Tampering With Records, Involuntary Servitude, Criminal Coercion and Securing Execution of Documents by Deception. Id.

The Prison Litigation Reform Act of 1995 (the "PLRA") obligates the Court to engage in a screening process. See Vieux v. Smith, 2007 WL 1650579(M.D. Pa.).

Section 1915A provides:

**(a) Screening.** The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. §1915A. The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. §1915A.

2

## II. Discussion

The sanctions levied against Tinsley during his disciplinary hearing, were all imposed as a result of prison misconduct. As such, the Court finds that any Fifth Amendment claim regarding his disciplinary hearing is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).[2] Under some circumstances, a prisoner may bring a Bivens claim for monetary damages based on the denial of due process during a prison disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (stating that plaintiff's §1983 "damages claim was ... properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct"). However, such due process claims cannot be brought in a Bivens action where the claims "necessarily imply the invalidity of the punishment imposed" unless the plaintiff shows that the sanctions have been overturned. See Balisok[3], 520 U.S. at 648 (finding claims for declaratory and

---

[2]While Heck, and Balisok all involved §1983 cases, courts have extended their holdings to Bivens actions.  See Lora-Pena v. F.B.I., 529 F.3d 503, 506 n. 2 (3d Cir.2008) ("Although Heck involved a §1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims" (citing Williams v. Hill , 74 F.3d 1339, 1341 (D.C Cir. 1996)(per curiam)).

[3]In Edwards v. Balisok, the Supreme Court applied the lessons of Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily (continued...)

monetary relief based on allegations that plaintiff was denied opportunity to present a defense and that hearing officer was biased could not be brought pursuant to §1983); Heck, 512 U .S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254."). Plaintiff's complaint fails to contain any allegation indicating that any of the three challenged misconducts have been reversed or expunged.

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Because there has been no prior challenge to Plaintiff's misconducts, the Court concludes that amendment would

_____

[3](...continued)
challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under §1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

4

be futile. As such, the complaint will be dismissed pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted, and the case will be closed. A separate Order will be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   January 31, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2505-01.wpd